IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY INTERNATIONAL, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| SAFARI CLUB INTERNATIONAL, | ) ) ) |
| Defendant-Intervenor. | ) ) |

Civil Action No. 16-720 (TJK)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NABR's MOTION TO INTERVENE FOR PURPOSES OF APPEAL**

Benjamin C. Block
(D.C. Bar No. 479705)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001-4956
(202) 662-6000
bblock@cov.com

*Counsel for Intervenor Applicant
National Association for Biomedical
Research*

## INTRODUCTION

National Association for Biomedical Research moves to intervene for the purpose of appealing this Court's March 29, 2021 judgment requiring the U.S. Fish and Wildlife Service to produce confidential commercial information that it obtained from dozens of different companies, including nine NABR members who submitted objections[1] and sworn declarations[2] regarding the confidential nature of this information. Because the Government is uncertain whether it will appeal, NABR moves on behalf of its members to intervene to ensure appellate review.

In 2014 and 2015, Plaintiff Humane Society International requested under FOIA certain data maintained in the Service's Law Enforcement Management Information System ("LEMIS"). Included in these data are records that the Service obtained from companies that import and export wildlife. Upon notification of the request by the Service, some submitters—including NABR's members—objected, advising that some data were "trade secrets and commercial or financial information … [that is] privileged or confidential" and therefore protected by 5 U.S.C. § 552(b)(4).

---

[1] *See* Dkt. Nos. 33-2 at 7–10 (AbbVie); 33-2 at 17–26 (Alnylam Pharmaceuticals, Inc.); 33-2 at 87–95 & 96–104 (Boehringer Ingelheim, including Boehringer Ingelheim Pharmaceuticals and Boehringer Ingelheim Vetmedica); 33-2 at 105–112 (Bristol-Myers Squibb Company); 33-2 at 137–141 (Charles River Laboratories); 33-3 at 1–5, 6–15 & 33-5 at 30–39 (Covance, including Covance Laboratories and Tandem Labs); 33-3 at 16–18, 19–35 (Envigo Global Services (formerly Covance Research Products)); 33-3 at 102–107 (Genentech, Inc.); 33-4 at 47–53, 54–60, 61–67 (Novartis, including Novartis Institutes for Biomedical Research, Inc.; Novartis Institutes for Functional Genomics, Inc.; and Novartis Pharmaceuticals Corporation).

[2] *See* Dkt. No. 33-6 at 31–41 (Alnylam Pharmaceuticals, Inc.); 42–52 (Bristol-Meyers Squibb Company), 95–104 & 140–149 (Novartis Pharmaceuticals Corporation), 105–116 (Boehringer Ingelheim), 129–139 (Genentech, Inc.).

The Service ultimately produced redacted data, withholding the portions protected by Exemption 4. The Society brought this action on April 18, 2016, challenging the Service's invocation of Exemption 4 in this Court.

On March 29, 2021, the Court granted summary judgment in favor of the Service and ordered production of the data previously excluded under Exemption 4. Because the Government has indicated that it is uncertain whether the Service will or will not appeal this decision (*see* Exhibit A, Bailey Decl. ¶ 7), NABR moves, if the Service does not appeal, to intervene for purposes of appeal to ensure that its members' confidential commercial information remains protected.

## ARGUMENT

"[C]ourts often grant post-judgment motions to intervene where no existing party chooses to appeal the judgment of the trial court." *Acree v. Republic of Iraq*, 370 F.3d 41, 50 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty*, 556 U.S. 848 (2009); *see also, e.g.*, *Massachusetts Sch. of L. at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997) (allowing intervention for purposes of appeal); *Wolpe v. Poretsky*, 144 F.2d 505, 508 (D.C. Cir. 1944) (same).

As demonstrated below, NABR has standing to intervene and meets the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2). Alternatively, NABR should be permitted to intervene under Rule 24(b)(1)(B) because it "shares with the main action a common question of law or fact."

## A. NABR has standing to intervene.

A "party seeking to intervene as of right must demonstrate that it has standing under Article III the Constitution." *Fund for Animals Inc.*, 322 F.3d at 731–33. As the only national, nonprofit organization dedicated solely to advocating for sound public policy that recognizes the vital role animals play in biomedical research, NABR has Article III standing to intervene on behalf of its members. *See Ctr. for Sustainable Econ. v. Jewell*, 779 F.3d 588, 596 (D.C. Cir. 2015) (citing *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). Under the three-part test established in *Hunt*, an association can sue (or intervene) on behalf of its members if "(1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Jewell*, 792 F.3d at 596 (internal quotation marks omitted). NABR meets all three factors.

### 1) NABR's members would have standing to sue.

Because its members' confidential commercial information are the subject of HSI's FOIA request and this Court's order, the affected companies will suffer an injury-in-fact if that information is disclosed, and that injury would be redressed by a successful appeal to the D.C. Circuit. (*See* Exhibit A, Bailey Decl. ¶ 8.)

### 2) NABR seeks to protect interests germane to the organization.

One of NABR's primary purposes is to "promote sound public policy," which includes protecting its members' confidential information. (*Id.* at ¶ 4.) NABR is a

—3—

501(c)(6) nonprofit that exists to advocate for its members in these type of circumstances. (*See id.* at ¶ 2.) NABR's germane interests align with intervention.

### 3) Individual member participation is not required.

NABR's members have authorized it to appeal on their behalf and no individual company's participation is required. This will be a *de novo* appeal of this Court's judgment. The interest of the individual member companies, *i.e.* keeping their data confidential, align and NABR will be able to appeal on all of their behalves.

### B.   NABR May Intervene as of Right.

A four-part inquiry determines whether a party qualifies to intervene as of right under Rule 24(a)(2): "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks omitted). NABR meets all of these criteria.

### 1)   NABR's motion to intervene is timely.

Intervention for purposes of appeal is permissible after final judgment when the intervenor is "advised [the named party might not appeal] after the trial court … enter[s] its final judgment." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393–94 (1977). The intervention is timely so long as the intervenor "promptly move[s] to intervene to protect [its] interests" once it becomes clear "to the intervenor that the interests "would no longer be protected." *Id* at 394. In other words, a "post-judgment

—4—

motion to intervene in order to prosecute an appeal is timely (if filed within the time period for appeal) because the potential inadequacy of representation came into existence only at the appellate stage." *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2011) (internal quotation marks omitted).

NABR's motion to intervene is timely because it only recently learned that its members' interests may no longer be represented by the Service, due to the Government's uncertainty whether or not it will appeal. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Service*, No. CV-16-0527-TUC-BGM, Dkt. No. 91 at 4 (D. Az. Nov. 15, 2018) (motion to intervene was timely because it was made promptly upon uncertainty that the Government would appeal); *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 444 (D.D.C. 2015) (same). NABR's intervention ensures that it can protect its members' interests from the severe and irremediable consequences of production if the Service does not appeal. (For the same reasons, NABR will separately move to stay this Court's order pending appeal.) If the government does appeal, NABR will promptly withdraw from the case.

No party to the litigation will be prejudiced by allowing NABR to intervene at this time. The government's 60-day appeal window has not yet expired, and the Society "can hardly contend that its ability to litigate the issue [will be] unfairly prejudiced [if] an appeal [is] brought by" NABR instead of the Service. *McDonald*, 432 U.S. at 394; *see also* Fed. R. App. P. 4(a)(1)(B) (in cases involving a United States agency, notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered).

**2)   NABR's members have a significantly protectable interest here.**

An intervenor must show that it has an 'interest relating to the property or transaction,' and that the [district court's] order at issue here 'may as a practical matter impair or impede his ability to protect that interest." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980). The D.C. Circuit has held that an intervenor "has certainly alleged an interest in the protection of" information that "it claims" is confidential and protected from disclosure. *Id.*

The same conclusion applies here: NABR asserts its members' interest in protecting their confidential data from public disclosure—an interest protected by FOIA—and such disclosure is the specific target of the Society's lawsuit. *See Ctr. for Biological Diversity*, Dkt. No. 91 at 5  (finding a significant protectable interest because the intervenor applicant "includes members that had submitted declarations to FWS in support of withholding the requested information under Exemption 4"); *Amarin Pharms.*, 139 F. Supp. 3d at 444–45 (finding a legally protected interest when the intervenor-applicant's drug application would be impacted by the court's order reviewing an exclusivity determination). NABR's members' unique position vis-à-vis this litigation—not yet litigants, but whose interest in confidentiality is being adjudicated—makes data disclosure a significantly protectable interest for purpose of intervention. In granting summary judgment, this Court acknowledged the dispute "concerns the applicability of Exemption 4 to th[e] [LEMIS] information as it pertains to the activities of corporate importers and exporters," including NABR members, and noted that these companies provided submissions involving their interest with regards to this information. Docket No. 67 at 2–3. To be sure, this Court ultimately

—6—

determined that interest insufficient to justify the Service's invocation of Exemption 4, but NABR seeks to appeal whether that ruling was correct.

### 3) This action threatens to impair NABR's members' interests.

As NABR's members' interest in preserving their confidential data is a "significantly protectable" one, it follows that this Court's decision ordering production of these data would impair that interest. *See AT&T*, 642 F.3d at 1291 (intervenor's "interest will be impaired if [its allegedly confidential] documents are not protected from" disclosure required by the district court's order); *see also Ctr. for Biological Diversity*, Dkt. No. 91 at 5 ("Intervenor Applicant NABR's named members will be impaired or impeded in their ability to protect their interests in this litigation if they are not allowed to intervene for purposes of appeal."). And the level of impairment would be extreme. Once produced, the data cannot be taken back; the damage will have been done and no remedy could undo it.

### 4) No current party adequately represents this interest.

An applicant for intervention "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). The D.C. Circuit has allowed intervention "for the limited purpose of taking an appeal" in these circumstances. *AT&T*, 642 F.2d at 1294–95.

Because it is uncertain whether the Government will appeal this Court's order, and the one current intervenor (Safari Club International, Dkt No. 16) has no affiliation with and represents different members than NABR, no present party to this lawsuit represents the interests of NABR's companies whose confidential data

—7—

was ordered to be produced. *See, e.g., Smoke*, 252 F.3d at 469; *see also Ctr. for Biological Diversity*, Dkt. No. 91 at 5–6 (FWS's decision not to appeal "resulted in a void where no party currently represents Intervenor Applicant NABR's members"); *Amarin Pharms.*, 139 F. Supp. 3d at 446–47 (agency's decision not to appeal means that the agency "no longer adequately represents" the intervenor applicant's interests). NABR moves to intervene to appeal to ensure that those interests are advanced and preserved in the D.C. Circuit.

## CONCLUSION

To ensure that the D.C. Circuit can review the summary judgment decision, and to accordingly protect the interests of its members, NABR's motion to intervene as a matter of right under Rule 24(a)(2) for purpose of appeal should be granted. Alternatively, NABR should be permitted to intervene under Rule 24(b)(1)(B).

May 12, 2021                                                  Respectfully submitted,

                                                              /s/Benjamin C. Block
                                                              Benjamin C. Block
                                                              (D.C. Bar No 479705)
                                                              COVINGTON & BURLING LLP
                                                              One CityCenter
                                                              850 Tenth St., N.W.
                                                              Washington, D.C. 20001-4956
                                                              (202) 662-6000
                                                              bblock@cov.com

                                                              *Counsel for Intervenor Applicant
                                                              National Association for Biomedical
                                                              Research*