IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY INTERNATIONAL, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE et al., <br><br> *Defendants.* <br><br> and <br><br> SAFARI CLUB INTERNATIONAL, <br><br> *Defendant-Intervenor.* | Civil Action No. 16-720 (TJK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE FOR PURPOSES OF APPEAL**

| | |
|---|---|
| William M. Krulak Jr. <br> (Fed Bar No. 26452) <br> MILES & STOCKBRIDGE, P.C. <br> 100 Light Street <br> Baltimore, MD 21202-1153 <br> CPF# 0012120379 <br> wkrulak@milesstockbridge.com <br> Tel: (410) 385-3609 | Joshua R. Chazen <br> (D.C. Bar No. 1030058) <br> MILES & STOCKBRIDGE, P.C. <br> 1201 Pennsylvania Avenue, NW <br> Suite 900 <br> Washington, DC 20004 <br> jchazen@milesstockbridge.com <br> Tel: (202) 465-8388 |

*Attorneys for Intervenor Applicants,*
*Primate Products, Inc. and*
*Worldwide Primates, Inc.*

## INTRODUCTION

Primate Products, Inc. ("PPI") and Worldwide Primates, Inc. ("WWP") respectfully move this Court to permit them to intervene, under Federal Rule of Civil Procedure 24, for purpose of appealing this Court's March 29, 2021 judgment requiring the U.S. Fish and Wildlife Service ("Service") to produce confidential information that it obtained from different companies. These companies include PPI and WWP, who each submitted objections[1] and sworn declarations[2] regarding the confidential nature of the subject information. PPI and WWP move to intervene to ensure appellate review as the Government indicated during a May 19, 2021 hearing that it would not seek appellate review.

In 2014 and 2015, Plaintiff Humane Society International ("HSI") requested under Fredom of Information Act ("FOIA") certain data maintained in the Service's Law Enforcement Management Information System ("LEMIS"). This data includes records that the Service obtained from companies that import and export wildlife. Upon notification of the request by the Service, some submitters—including PPI and WWP—objected, advising that some data were "trade secrets and commercial or financial information … [that is] privileged or confidential" and therefore protected by 5 U.S.C. § 552(b)(4).

The Service ultimately produced redacted data, withholding the portions protected by Exemption 4. HSI brought this action on April 18, 2016, challenging the Service's invocation of Exemption 4 in this Court.

On March 29, 2021, this Court granted summary judgment in favor of HSI. On May 19, 2021, the Government indicated the Service would not appeal this decision. *See* Exhibit A, Block

---

[1] *See* Dkt. Nos. 33-4 at 97–100 (PPI) and 33-5 at 144–150 (WPI).
[2] *See* Dkt. No. 33-6 at 16-19 (PPI) and 67-72 (WPI).

Decl. ¶ 9; Exhibit B, Houghton Decl. ¶ 9. Thus, PPI and WWP move to intervene for purposes of appeal to ensure that its confidential commercial information remains protected.[3]

## ARGUMENT

"[C]ourts often grant post-judgment motions to intervene where no existing party chooses to appeal the judgment of the trial court." *Acree v. Republic of Iraq,* 370 F.3d 41, 50 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty,* 556 U.S. 848 (2009); *see also, e.g., Massachusetts Sch. of L. at Andover, Inc. v. United States,* 118 F.3d 776, 782 (D.C. Cir. 1997) (allowing intervention for purposes of appeal); *Wolpe v. Poretsky,* 144 F.2d 505, 508 (D.C. Cir. 1944) (same).

As demonstrated below, PPI and WWP each have standing to intervene and both meet the requirements for intervention as of right under Rule 24(a)(2). Alternatively, PPI and WWP should be permitted to intervene under Rule 24(b)(1)(B) because each one "shares with the main action a common question of law or fact."

**A.    PPI and WWP have standing to intervene.**

A "party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." *Fund for Animals Inc. v. Norton,* 322 F.3d 728, 731–33 (2003). PPI and WWP attempt to intervene because they want to protect their own documents and prevent the exposure of confidential information that would cause it substantial harm if released to the public. *See* Exhibit A, Block Decl. ¶ 10; Exhibit B, Houghton Decl. ¶ 10; *100Reporters LLC v. U.S. Dept't*

---

[3] PPI and WWP know that the National Association for Biomedical Research ("NABR") has intervened on behalf of a number of its members similarly situated to PPI and WWP. Although the interests of the NABR members represented by NABR in this matter (*see* Declaration of Matthew Bailey [Dkt. No. 70-2] at footnote #1.) are substantially aligned in seeking review of this court's granting of summary judgment in favor of HSI, neither PPI nor WWP is currently a member of NABR and thus, must seek relief on their own.

*of Justice*, 307 F.R.D. 269, 277 (2014). Thus, both PPI and WWP have a direct and personal interest in appealing this action.

### B.     PPI and WWP May Intervene as of Right.

Rule 24(a) governs interventions as of right and provides, in relevant part, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed R. Civ. P. 24(a). A four-part inquiry determines whether a party qualifies to intervene as of right under Rule 24(a)(2): "(1) the motion for intervention must be timely; (2) intervenors must have an interest in the subject of the action; (3) their interest must be impaired or impeded as a practical matter absent intervention; and (4) the would-be intervenor's interest must not be adequately represented by any other party." *In re Brewer*, 863 F.3d 861, 872 (D.C. Cir. 2017). PPI and WWP meet all of these criteria.

#### 1)     PPI and WWP's motion to intervene is timely.

Intervention for purposes of appeal is permissible after final judgment when the intervenor is "advised [the named party might not appeal] after the trial court … enter[s] its final judgment." *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 393–94 (1977). The intervention is timely so long as the intervenor "promptly move[s] to intervene to protect [its] interests" once it becomes clear to the intervenor that the interests "would no longer be protected." *Id* at 394. In other words, a "post-judgment motion to intervene in order to prosecute an appeal is timely (if filed within the time period for appeal) because the potential inadequacy of representation came into existence

3

only at the appellate stage." *Smoke v. Norton,* 252 F.3d 468, 471 (D.C. Cir. 2011) (internal quotation marks omitted).

PPI and WWP's motion to intervene is timely because it learned on May 19, 2021 that the Service would no longer represent their interests due to the Government's decision to not appeal. *See Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.,* 139 F. Supp. 3d 437, 444 (D.D.C. 2015) (motion to intervene was timely because it was made promptly upon uncertainty that the Government would appeal). PPI and WWP's intervention ensures that they can protect their interests from the severe and irremediable consequences of production if the Service does not appeal. (For the same reasons, PPI and WWP will separately move to stay this Court's order pending appeal.)

No party to the litigation will be prejudiced by allowing PPI and WWP to intervene at this time. The government's 60-day appeal window has not yet expired, and the Society "can hardly contend that its ability to litigate the issue [will be] unfairly prejudiced [if] an appeal [is] brought by" PPI and WWP instead of the Service. *McDonald,* 432 U.S. at 394; *see also* Fed. R. App. P. 4(a)(1)(B) (in cases involving a United States agency, notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered).

**2)     PPI and WWP have a significantly protectable interest here.**

An intervenor must show that it has an 'interest relating to the property or transaction,' and that the [district court's] order at issue here 'may as a practical matter impair or impede his ability to protect that interest." *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1291 (D.C. Cir. 1980). The D.C. Circuit has held that an intervenor "has certainly alleged an interest in the protection of" information that "it claims" is confidential and protected from disclosure. *Id.* The same conclusion applies here: PPI and WWP assert their interests in protecting their confidential data from public

4

disclosure—an interest protected by FOIA—and such disclosure is the specific target of the Society's lawsuit. *See Ctr. For Biological Diversity,* Dkt. No. 91 at 5 (finding a significant protectable interest because the intervenor applicant "includes members that had submitted declarations to FWS in support of withholding the requested information under Exemption 4"); *Amarin Pharms.,* 139 F. Supp. 3d at 444–45 (finding a legally protected interest when the intervenor-applicant's drug application would be impacted by the court's order reviewing an exclusivity determination). PPI and WWP's unique position vis-à-vis this litigation—not yet litigants, but whose interest in confidentiality is being adjudicated—makes data disclosure a significantly protectable interest for purpose of intervention. In granting summary judgment, this Court acknowledged the dispute "concerns the applicability of Exemption 4 to th[e] [LEMIS] information as it pertains to the activities of corporate importers and exporters," including PPI and WWP, and noted that these companies provided submissions involving their interest with regards to this information. Docket No. 67 at 2–3. To be sure, this Court ultimately determined that interest insufficient to justify the Service's invocation of Exemption 4, but PPI and WWP seek to appeal whether that ruling was correct.

### 3)     This action threatens PPI and WWP's interests.

PPI and WWP's interests in preserving their confidential data is a "significantly protectable" one, and it follows that this Court's decision ordering production of this data would impair that interest. *See AT&T*, 642 F.3d at 1291 (intervenor's "interest will be impaired if [its allegedly confidential] documents are not protected from" disclosure required by the district court's order). The level of impairment would be extreme. Once produced, PPI and WWP cannot take back the data; the damage done to PPI and WWP is irreversible and no remedy could undo it.

5

**4)       No current party adequately represents this interest.**

An applicant for intervention "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). The D.C. Circuit has allowed intervention "for the limited purpose of taking an appeal" in these circumstances. *AT&T*, 642 F.2d at 1294–95.

The Government will not appeal this Court's order, and the one current intervenor (Safari Club International, Docket No. 16) has no affiliation with PPI and WWP. No present party to this lawsuit represents the interests of PPI and WWP, whose confidential data the Government will produce if PPI and WWP cannot appeal the judgment. *See, e.g.*, *Smoke*, 252 F.3d at 469; *see also Ctr. for Biological Diversity*, Docket No. 91 at 5–6 (FWS's decision not to appeal "resulted in a void where no party currently represents Intervenor Applicant NABR's members"); *Amarin Pharms.*, 139 F. Supp. 3d at 446–47 (agency's decision not to appeal means that the agency "no longer adequately represents" the intervenor applicant's interests). PPI and WWP move to intervene to appeal to ensure the advancement and preservation of their interests in the D.C. Circuit.

## CONCLUSION

To ensure that the D.C. Circuit can review the summary judgment decision and to protect their interests, PPI and WWP respectfully request that this Court grant their Motion to Intervene be granted or, alternatively, permit PPI and WWP to intervene under Rule 24(b)(1)(B).

Dated: May 26, 2021                    Respectfully submitted,

/s/ William M. Krulak
William M. Krulak Jr.
(Bar ID: MD26452)
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, MD 21202-1153
wkrulak@milesstockbridge.com
Tel: (410) 385-3609

Joshua R. Chazen
(D.C. Bar No. 1030058)
MILES & STOCKBRIDGE, P.C.
1201 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
jchazen@milesstockbridge.com
Tel: (202) 465-8388

*Attorneys for Intervenor Applicants,*
*Primate Products, Inc. and*
*Worldwide Primates, Inc.*