IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMANE SOCIETY INTERNATIONAL,

*Plaintiff,*

v.

UNITED STATES FISH AND WILDLIFE
SERVICE et al.,

*Defendants.*

and

SAFARI CLUB INTERNATIONAL,

*Defendant-Intervenor.*

Civil Action No. 16-720 (TJK)

### Declaration of Paul Houghton

1. I am over eighteen (18) years of age and authorized to make this declaration and statement with reference to certain facts stated herein. I base this declaration on my personal knowledge and I swear under oath, that each statement is accurate and true.

2. I currently serve as the President and Chief Executive Officer of Primate Products, Inc. ("PPI").

3. PPI is a commercial importer of non-human primates ("NHPs"), which are resold to various clients for use in preclinical testing services, including the United States Department of Defense.

4. On February 16, 2018, PPI requested the redaction of certain data relating to information sought by the Human Society International ("HSI") through Freedom of Information Act ("FOIA") requests to the government.

5. In support of those requests, PPI's then-President and Chief Operating Officer, Paul Barras submitted a declaration. That declaration described the sensitive nature of much of PPI's data relevant to this litigation.

6. As described in that declaration, the data that PPI sought to have the U.S. Fish and Wildlife Service ("FWS") withhold from production to HSI are very sensitive, and PPI expends substantial efforts to maintain such data as confidential.

7. This information is in the possession of FWS solely because of a requirement that PPI file such information in order to obtain clearance of shipments of NHPs into the United States.

8. I am greatly distressed that this Court's recent Memorandum Opinion [Dkt. No. 67] granted HSI's Motion for Summary Judgment [Dkt. No. 54] and orders that all of the PPI data previously withheld from HSI be produced in a complete and unredacted spreadsheet.

9. At the May 19, 2021 status conference, counsel for FWS confirmed that the agency would not appeal the relevant order.

10. Therefore, PPI wishes to intervene in this case to appeal the Court's ruling in order to protect our confidential information. I believe that the disclosure of the relevant information to HSI and/or the general public will cause irreparable harm to PPI.

11. I am aware that the National Association for Biomedical Research ("NABR") moved to intervene and now intends to appeal this court's order on behalf of certain of its members.

12. PPI is not a member of NABR, although PPI's NABR membership only recently lapsed due to the clerical error of not renewing its membership. Although our interests closely align with NABR's interests in this matter, I understand that as PPI is not currently a member of that organization, PPI's interests can only be protected by intervening and seeking appellate review of this court's order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          Dated  5-26-21
Paul Houghton
President and CEO
Primate Products, Inc.

111908\000002\4840-7468-4395