IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY INTERNATIONAL, *Plaintiff,* v. UNITED STATES FISH AND WILDLIFE SERVICE et al., *Defendants.* and SAFARI CLUB INTERNATIONAL, *Defendant-Intervenor.* | Civil Action No. 16-720 (TJK) |

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENORS
PRIMATE PRODUCTS, INC. AND WORLDWIDE PRIMATES, INC.**

Defendant-Intervenors, Primate Products, Inc. ("PPI") and Worldwide Primates, Inc. ("WPP"), answer the Complaint (Docket No. 1) of Plaintiff Humane Society International ("HSI") as set forth herein.

1. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny them.

2. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 2 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

1

3. Answering Paragraph 3 of the Complaint, PPI and WWP admit that Plaintiff seeks the disclosure of certain information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PPI and WWP deny any allegation that Plaintiff is entitled to the relief it seeks because the information is exempt from disclosure under FOIA. PPI and WWP deny any remaining allegations of Paragraph 3.

4. PPI and WWP admit that jurisdiction exists under FOIA. PPI and WWP deny all remaining allegations of Paragraph 4.

5. PPI and WWP admit that venue is proper under FOIA. PPI and WWP deny all remaining allegations of Paragraph 5.

6. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 8 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

9. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 9 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

10. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 10 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

11. Paragraph 11 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 11.

12. Paragraph 12 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 12.

13. Paragraph 13 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 13.

14. Paragraph 14 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 14.

15. Paragraph 15 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 15.

16. Paragraph 16 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 16.

17. Paragraph 17 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 17.

18. Paragraph 18 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 18.

19. Paragraph 19 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 19.

20. Paragraph 20 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 20.

21. Paragraph 21 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 21.

22. Paragraph 22 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 22.

23. Paragraph 23 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 23.

24. Paragraph 24 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 24.

25. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

26. Paragraph 26 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 26.

27. PPI and WWP deny any allegation inconsistent with the cited treaty that speaks for itself. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore deny those allegations.

28. PPI and WWP deny any allegation inconsistent with the cited treaty that speaks for itself. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore deny those allegations.

29. PPI and WWP deny any allegation inconsistent with the cited treaty that speaks for itself. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny those allegations.

30. Paragraph 30 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 30.

31. Paragraph 31 sets forth a legal conclusion as to which no response is required. To the extent that any response is required, PPI and WWP deny the allegations of Paragraph 31.

32. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 32 and therefore deny them.

33. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 33 and therefore deny them.

34. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 36 and therefore deny them.

37. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 37 and therefore deny them.

38. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 38 and therefore deny them.

39. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 39 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

40. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 40 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

41. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 41 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

42. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 42 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

43. PPI and WWP deny any allegation inconsistent with the cited authorities that speak for themselves. PPI and WWP lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore deny those allegations.

44. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 44 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

45. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 45 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

46. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 46 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

47. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 47 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

48. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 48 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

49. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 49 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

50. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 50 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

51. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 51 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

52. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 52 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

53. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 53 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

54. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 54 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

55. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 55 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

56. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 56 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

57. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 57 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

58. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 58 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

59. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 59 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

60. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 60 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

61. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 61 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

62. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 62 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

63. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 63 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

64. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 64 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

65. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 65 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

66. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 66 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

67. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 67 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

68. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 68 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

69. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 69 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

70. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 70 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

71. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 71 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

72. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 72 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

73. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 73 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

74. PPI and WWP lack knowledge and information sufficient to form a full and complete belief as to the truth of the allegations in Paragraph 74 but admit them to the extent that the U.S. Fish and Wildlife Service's Answer admitted them.

75. PPI and WWP restate and incorporate its responses in all preceding paragraphs as if set forth here.

76. PPI and WWP admit, based on the U.S. Fish and Wildlife Service's Answer, that Defendant issued a response to Plaintiff's June 2, 2014, FOIA request on November 26, 2014.

77. PPI and WWP admit, based on the U.S. Fish and Wildlife Service's Answer, that Defendant issued a response to Plaintiff's August 21, 2014, FOIA request on May 6, 2014.

78. PPI and WWP deny the allegations of Paragraph 78.

79. PPI and WWP deny the allegations of Paragraph 79.

80. PPI and WWP restate and incorporate its responses in all preceding paragraphs as if set forth here.

81. PPI and WWP deny the allegations of Paragraph 81.

82. PPI and WWP deny the allegations of Paragraph 82.

83. PPI and WWP deny the allegations of Paragraph 83.

84. PPI and WWP deny the allegations of Paragraph 84.

85. PPI and WWP deny the allegations of Paragraph 85.

86. PPI and WWP restate and incorporate its responses in all preceding paragraphs as if set forth here.

87. PPI and WWP deny the allegations of Paragraph 87.

88. PPI and WWP deny the allegations of Paragraph 88.

89. PPI and WWP deny the allegations of Paragraph 89.

90. PPI and WWP deny the allegations of Paragraph 90.

91. PPI and WWP deny the allegations of Paragraph 91.

92. PPI and WWP deny the allegations of Paragraph 92.

PPI and WWP deny that Plaintiff is entitled the relief requested in the prayer for relief.

PPI and WWP deny each allegation of the Complaint not explicitly admitted herein.

## AFFIRMATIVE DEFENSES

1. With respect to any and all claims under the Administrative Procedure Act, the Complaint fails to state a claim for which relief may be granted and the Court lacks jurisdiction.

2. With respect to any and all claims based on an alleged failure to timely respond to the FOIA request or appeal, the Complaint fails to state a claim for which relief may be granted and the Court lacks jurisdiction.

3. Defendant has met their obligations under FOIA. Any and all information withheld is exempt from disclosure under FOIA.

4. PPI and WWP respectfully request and reserve the right to amend, alter, and/or supplement the responses and defenses in this Answer, as the facts and circumstances giving rise to the action become known to them in the course of litigation.

**WHEREFORE**, PPI and WWP request judgment in Defendant's favor on Plaintiff's claims, that the Complaint be denied and dismissed with prejudice with Plaintiff taking nothing thereby, that Defendant be awarded its fees and costs, and that Defendant be awarded all other and further relief that the Court deems just and proper.

**[Signature Page Follows]**

Dated: May 26, 2021 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ William M. Krulak
　　　　　　　　　　　　　　　　　　William M. Krulak Jr.
　　　　　　　　　　　　　　　　　　(Bar ID: MD26452)
　　　　　　　　　　　　　　　　　　MILES & STOCKBRIDGE, P.C.
　　　　　　　　　　　　　　　　　　100 Light Street
　　　　　　　　　　　　　　　　　　Baltimore, MD 21202-1153
　　　　　　　　　　　　　　　　　　wkrulak@milesstockbridge.com
　　　　　　　　　　　　　　　　　　Tel: (410) 385-3609

　　　　　　　　　　　　　　　　　　Joshua R. Chazen
　　　　　　　　　　　　　　　　　　(D.C. Bar No. 1030058)
　　　　　　　　　　　　　　　　　　MILES & STOCKBRIDGE, P.C.
　　　　　　　　　　　　　　　　　　1201 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　Suite 900
　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　jchazen@milesstockbridge.com
　　　　　　　　　　　　　　　　　　Tel: (202) 465-8388

　　　　　　　　　　　　　　　　　　*Attorneys for Intervenor Applicants,*
　　　　　　　　　　　　　　　　　　*Primate Products, Inc. and*
　　　　　　　　　　　　　　　　　　*Worldwide Primates, Inc.*