UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY INTERNATIONAL, *Plaintiff*, v. UNITED STATES FISH AND WILDLIFE SERVICE *et al.*, *Defendants*, SAFARI CLUB INTERNATIONAL, *Defendant-Intervenor,* NATIONAL ASSOCIATION FOR BIOMEDICAL RESEARCH, PRIMATE PRODUCTS, INC., WORLDWIDE PRIMATES, INC., *Movants.* | Civil Action No. 16-cv-720 (TJK) |

**MEMORANDUM OPINION**

The Court granted summary judgment in this case brought under the Freedom of Information Act ("FOIA") and ordered Defendants to disclose records in response to Plaintiff's FOIA request. Three organizations now move to intervene so they can appeal that decision and to extend the time to appeal. For the reasons below, the Court will grant their motions.

**I.  Background**

The Court has described the history of this dispute in two prior opinions. *See Humane Soc'y Int'l v. U.S. Fish & Wildlife Serv.*, 394 F. Supp. 3d 67, 71–73 (D.D.C. 2019); 2021 WL 1197726 (D.D.C. Mar. 29, 2021). In brief, this case concerns a FOIA request to Defendants for

release of information the U.S. Fish and Wildlife Service stores in its Law Enforcement Management Information System ("LEMIS") database. The Court granted summary judgment for the FOIA requester, Plaintiff Humane Society International, finding that the records were not confidential and therefore not subject to FOIA's Exemption 4. ECF Nos. 66, 67; 2021 WL 1197726. The deadline to appeal was May 28, 2021.

On May 12, the National Association for Biomedical Research ("NABR") moved to intervene, and on May 17, moved for an extension of time to appeal. ECF Nos. 70, 73. The Court held a status conference on May 19 to discuss NABR's motions. Counsel for two other organizations, Primate Products, Inc. and Worldwide Primates, Inc. was also present and represented that they too were preparing to move to intervene and extend the time to appeal. At that status, Defendants represented they would not appeal. All parties—and the Court—agreed that the Court should stay its summary judgment order until it resolved the motions to intervene and to extend time to appeal. After the hearing, the Court did so. ECF No. 75. Shortly thereafter, on May 26, Primate Products, Inc. and Worldwide Primates, Inc. jointly moved to intervene and to extend the time to appeal. ECF Nos. 79, 80. The Court ordered the parties to propose a briefing schedule for the motions to intervene, which the parties did on June 2. ECF No. 81. And true to their word, Defendants did not appeal, nor did Defendant-Intervenor Safari Club International.

Defendants oppose intervention by all three organizations. ECF No. 82. Plaintiff also opposes intervention. ECF Nos. 83, 84. Safari Club International did not file any briefs in response to the motions to intervene. No party opposes Movants' motions for extension of time to file appeals.

**II.     Analysis**

The Court starts with Movants' requests to intervene as of right.  "Third parties who seek to intervene in an action in federal court must proceed according to Rule 24 of the Federal Rules of Civil Procedure.  Rule 24 outlines two different avenues by which a court can allow an outsider to intervene—intervention of right, and permissive intervention." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1044 (D.C. Cir. 1998).  Qualifying for intervention as of right under Rule 24(a)(2) "depends on the following four factors: (1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.'" *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (citations omitted).

Besides meeting Rule 24(a)'s intervention requirements, Movants "seeking to intervene as of right must additionally demonstrate Article III standing." *In re Endangered Species Act Section 4 Deadline Litig.-MDL 2165*, 704 F.3d 972, 976 (D.C. Cir. 2013).  This rule applies equally to parties seeking to intervene as defendants. *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).  The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016).  "To establish standing under Article III, a prospective intervenor—like any party—must show (1) injury-in-fact, (2) causation, and (3) redressability." *Fund For Animals, Inc.*, 322 F.3d at 732–33.  The redressability requirement is "quintessentially predictive," *Freedom Republicans, Inc. v. FEC*, 13 F.3d 412, 418 (D.C. Cir. 1994), and demands showing it is "likely that a favorable decision by the court would redress the plaintiff's injury." *In re Navy Chaplaincy*, 534 F.3d 756, 760 (D.C. Cir. 2008).  "Because a

3

would-be intervenor's Article III standing presents a question going to this court's jurisdiction," the Court addresses it first. *Fund For Animals, Inc.*, 322 F.3d at 732.

Movants have Article III standing to intervene. Primate Products, Inc. and Worldwide Primates, Inc. are commercial importers of non-human primates and Defendants plan to disclose their LEMIS data as required by the Court's order. ECF Nos. 79-2 ¶¶ 3, 6, 8; 79-3 ¶¶ 3, 6, 8. They represent their information that will be disclosed is "very sensitive" and that both companies "expend[] substantial efforts to maintain such data as confidential." ECF Nos. 79-2 ¶¶ 5–6; 79-3 ¶¶ 5–6. Thus, they have standing because disclosure of this information will "harm [their] concrete and particularized interest in retaining the confidentiality of protected information." *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 367 (D.C. Cir. 2005). That injury is traceable to Defendants' decision to release their data. And the injury is redressable because, if they are successful on appeal, Defendants could not disclose it. *See* 43 C.F.R. § 2.36 (the Fish and Wildlife Service has no discretion to disclose information subject to Exemption 4); *Worthington Compressors, Inc. v. Gardner-Denver Co.*, 662 F.2d 45, 54 (D.C. Cir. 1981) (agency regulation barring disclosure of records subject to Exemption 4 forfeits agency discretion to disclose information under FOIA).

NABR also has standing under Article III. Several of its members submitted their information to Defendants and that information is now subject to disclosure as a result of the Court's decision. ECF No. 70-2 ¶ 4, at 2 n.1. "An association has standing to bring suit on behalf of its members when: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Ctr. for Sustainable Econ. v. Jewell*, 779 F.3d 588, 596 (D.C. Cir.

2015) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)) (quotations omitted). NABR's members whose information is subject to disclosure have standing to sue in their own right, just as Primate Products, Inc. and Worldwide Primates, Inc. do. And since NABR's mission is "to promote sound public policy in all areas of animal research, including how to protect the confidentiality of our members' commercial information," the confidentiality interests it seeks to protect are germane to its purpose. ECF No. 70-2 ¶ 5. Finally, NABR's Exemption 4 claim does not require the participation of its members on appeal. Appellate review will be limited to the record before the Court, and so there appears no reason why participation of NABR's members is necessary to pursue an appeal. Nor do Defendants or Plaintiff explain why such participation would be required. Thus, NABR has associational standing to intervene on behalf of its members.

Article III standing aside, Movants also meet the four requirements to intervene as of right under Rule 24(a). "Courts in this circuit generally treat the standing analysis for intervention as of right as equivalent to determining whether the intervenor has a 'legally protected' interest under Rule 24(a)." *100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269, 276 (D.D.C. 2014). Thus, Movants have also shown they have a qualifying legally protected interest. And Defendants' disclosure of their LEMIS data will impair that interest because once disclosed, the loss of confidentiality is irreversible. *Id.* at 279 (citations omitted). The remaining requirements, then, are the first and last of the four: whether Movants timely moved to intervene and whether existing parties adequately represent their interests.[1]

---

[1] Defendants and Plaintiff also argue that Movants cannot intervene because they did not serve pleadings containing a "claim or defense" under Rule 24(c). That rule states: "A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which

Timeliness "is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (citations omitted). Movants moved to intervene within the period for appeal. NABR moved to intervene once it learned Defendants were considering not appealing, ECF No. 70-1 at 3, and the other Movants did so after Defendants represented they would not appeal, ECF No. 79-1 at 2. "In these circumstances a post-judgment motion to intervene in order to prosecute an appeal is timely (if filed within the time period for appeal) because the potential inadequacy of representation came into existence only at the appellate stage." *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (citations omitted); *see also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (intervenor timely moved to intervene once she learned class representative would not appeal adverse judgment). And though Plaintiff and Defendants would apparently prefer that the Circuit not review the Court's order granting summary judgment, the mere prospect of appeal does not qualify as prejudice. *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986) (intervention to "participate at the appellate stage and in any further trial proceedings" did not prejudice existing parties).

As to adequate representation, the "Supreme Court has held that this 'requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Fund For Animals, Inc.*,

---

intervention is sought." For their part, Movants each served a "Proposed Answer" indicating that they intend to argue on appeal that Defendants appropriately withheld their LEMIS data under FOIA's Exemption 4. ECF Nos. 70-3; 79-4. Their briefs in support of intervention also make that clear. *See, e.g.,* ECF Nos. 87 at 9; 88 at 4. Thus, they have satisfied Rule 24(c).

6

322 F.3d at 735 (citations omitted). Because neither Defendants nor Safari Club International have appealed the Court's order, they cannot represent Movants' interests at all. And Movants cannot adequately represent each other's interests either. NABR, Primate Products, Inc. and Worldwide Primates, Inc. have distinct interests in the nondisclosure of their own LEMIS data. In deciding the summary judgment motion, the Court looked at the specific declarations from each objector to determine whether they treat that data as confidential. 2021 WL 1197726, at *3–4. Given this individualized assessment of each claim of confidentiality, Movants cannot be expected to afford each other's "discrete and particularized interests the same primacy" as their own. *Wildearth Guardians v. Salazar*, 22 F.R.D. 4, 15 (D.D.C. 2010).

The Court notes that courts routinely grant motions to intervene for the purpose of preventing disclosure of information under FOIA—just as it did when it granted Safari Club International's motion to intervene. *See* Minute Order of Aug. 19, 2016; *see also Physicians Committee for Responsible Medicine v. United States Dep't of Ag.*, 316 F. Supp. 3d 1, 3 (D.D.C. 2018) (party allowed to intervene to dispute FOIA's application to its records); *100Reporters*, 307 F.R.D. at 274–286 (granting intervention to parties opposing release of records); *Appleton v. F.D.A.*, 310 F. Supp. 2d 194, 195–198 (D.D.C. 2004) (same). That Movants seek to intervene to appeal does not change the commonplace and straightforward nature of their request. Because Movants meet the criteria set forth in Rule 24(a), the Court will grant both motions to intervene.[2]

---

[2] The Court will limit Movants' intervention to appeal the summary judgment order only insofar as the order applies to their own LEMIS data or the LEMIS data of NABR's members. *Fund For Animals*, 322 F.3d at 737 n.11 (district court may impose conditions on Rule 24(a) intervention). This will ensure that the case does not become "fruitlessly complex or unending." *Smuck v. Hobson*, 408 F.2d 175, 179, 189 (D.C. Cir. 1969) (confining appellate issues to those "that have a realistic nexus to the [intervenors'] interests and concerns"); *Zuber v. Allen*, 402 F.2d 660, 662–63 (D.C. Cir. 1968) (parties granted leave to intervene "for the sole purpose of protecting their rights by appeal").

The Court will also grant Movants' unopposed motions to extend the time to appeal. Under Federal Appellate Rule of Procedure 4(a)(5)(A), a district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The original deadline to appeal was May 28, 2021. Movants filed unopposed motions to extend the deadline before that date. And because Defendants did not decide whether to appeal the summary judgment order until the appeal deadline had nearly closed, Movants have shown good cause for an extension to allow them to file an appeal.

### III.  Conclusion

For all these reasons, the Court will grant the pending motions to intervene, ECF Nos. 70, 79, and also grant the motions for extensions of time to appeal, ECF Nos. 73, 80. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 12, 2021